IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| Cara Tinsley, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. |
| Trident Asset Management, LLC, a Georgia limited liability company, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Cara Tinsley, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.  Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

**PARTIES**

3.  Plaintiff, Cara Tinsley ("Tinsley"), is a citizen of the State of Alabama, residing in the Northern District of Alabama, from whom Defendant attempted to collect a defaulted consumer debt, which she allegedly owed for a Celtic Bank/Indigo Mastercard credit card.

4.  Defendant, Trident Asset Management, LLC ("Trident"), is a Georgia limited liability company that acts as a debt collector, as defined by § 1692a of the

1

FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. Trident operates a nationwide defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Alabama.

5. Defendant Trident was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

6. Defendant Trident's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

7. Although Defendant Trident is not authorized to conduct business in Alabama, it does conduct business in Alabama.

**FACTUAL ALLEGATIONS**

8. Due to financial difficulties, Plaintiff was unable to pay her debts, including a debt she allegedly owed for a Celtic Bank/Indigo Mastercard account. After default, Defendant Trident allegedly obtained this account and then attempted to collect this debt from Ms. Tinsley via negative credit reporting.

9. Plaintiff hired Bond & Botes to help her with her debt issues, including the Celtic Bank/Indigo Mastercard debt that Defendant was attempting to collect from her.

10. Bond & Botes is a group of law firms -- six of which are in the State of Alabama; these six law firms see clients in eleven offices throughout Alabama.

11. At no charge to their clients, the Bond & Botes firms help their clients dispute debts that they do not owe, or that they are uncertain about whether those debts are valid.

12.   Unsure about Defendant Trident, and unsure about the debt, Ms. Tinsley consulted with counsel about her debt issues and the debt that Trident was trying to collect.

13.   Accordingly, Ms. Tinsley's attorney wrote to Defendant Trident, via letters dated December 1, 2022, and December 5, 2022, to notify it that Ms. Tinsley was represented by counsel, and that she disputed the debt that Trident was trying to collect. Copies of these letters are attached as Group Exhibit A.

14.   These letters were sent via U.S. First Class Mail, postage pre-paid, to Defendant's principle office address and were not returned as undeliverable.

15.   January 30, 2023, Ms. Tinsley obtained and reviewed a copy of her TransUnion credit report, which showed that Defendant Trident had continued to report the Celtic Bank/Indigo Mastercard debt she allegedly owed, but had failed to note that the debt was disputed; rather Trident only reported that it had completed an investigation of a dispute. The pertinent part of Ms. Tinsley's TransUnion credit report is attached as Exhibit B.

16.   As a result of Defendant's failure to note that the debt was still disputed, when it continued to report the debt to TransUnion, Ms. Tinsley was forced to take an action to her detriment, by taking the time and expense of having her attorney send Defendant yet another letter, reminding Defendant that she had disputed the debt that it was reporting. A copy of this letter is attached as Exhibit C.

17.   Defendant's violations of the FDCPA were material because Defendant's failure to note that the debt was still disputed when Defendant reported, or continued to report, the debt on Plaintiff's credit report harmed her credit reputation, impaired her

credit rating and her ability to obtain credit. Moreover, Defendant's failure to note, when reporting the debt on Plaintiff's credit report, that the debt was disputed, made it appear to Plaintiff that she did not actually have the right to dispute the debt.

18. Furthermore, § 1692e(8) of the FDCPA's command, that a debt collector must communicate that a disputed debt is disputed, is rooted in the basic common law principle of defamation/fraud that, if a debt collector elects to communicate credit information about a consumer, it must not omit a material piece of information, namely that the debt is disputed.

19. Defendant's collection actions alarmed, confused and emotionally distressed Ms. Tinsley, negatively impacted her credit score, caused her to act to her detriment, and cost her out-of-pocket expenses.

20. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

**COUNT I**
**Violation Of § 1692e Of The FDCPA –**
**False or Misleading Representations**

21. Plaintiff adopts and realleges ¶¶ 1-20.

22. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("… the following conduct is a violation of this section … including the failure to communicate that a disputed debt is disputed …"); see also, Ewing v. Med-1 Solutions, 24 F.4th 1146,

1153-1154 (7th Cir. 2022); <u>Evans v. Portfolio Recovery Associates</u>, 889 F.3d 337, 346 (7th Cir. 2018); <u>Sayles v. Advanced Recovery Systems</u>, 865 F.3d 246, 249-250 (5th Cir. 2017); and <u>Brady v. Credit Recovery</u>, 160 F.3d 64, 65 (1st Cir. 1998).

23. Defendant, by continuing to report the debt to the credit reporting agency, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used false, deceptive or misleading means to collect or attempt to collect debts, in violation of § 1692e(8) of the FDCPA.

24. Defendant's violation of § 1692e(8) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

25. Plaintiff adopts and realleges ¶¶ 1-20.

26. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, <u>see</u>, 15 U.S.C. § 1692f.

27. Defendant, by continuing to report the debt to the credit reporting agency, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used unfair or unconscionable means to collect, or attempt to collect, debts, in violation of § 1692f of the FDCPA.

28. Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Cara Tinsley, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Tinsley, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

                                        Cara Tinsley,

                                        By: s/ David J. Philipps
                                        One of Plaintiff's Attorneys

Dated: February 16, 2023

David J. Philipps   (AL Bar No. 4240-J13P)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

Bradford W. Botes   (AL Bar No. 1379-O43B)
Bond, Botes, Reese & Shinn, P.C.
15 Southlake Lane
Suite 140
Birmingham, Alabama 35244
(205) 802-2200
(205) 870-3698 (FAX)
bbotes@bondnbotes.com

6